05-2229-MBM

**DLD-121**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-1838, 06-1839, 06-1840, 06-1841,
06-1842, 06-1843, 06-1844, 06-1845, & 06-1846

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

RICHARD S. HENTOSH;
CHRISTINE SMITH

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

AMERICAN EXPRESS

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

ACTION SOFTWARE; SAMANTHA BELFER;
U.S. ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

101 DISTRIBUTION;
DAMON EVANS

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

REBECCA NORDTVEDT

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

STEVE RABIN

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

TERESA COLLEEN HICKMAN

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

DON PINKAS

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

DAVE TAYLOR

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. Nos. 05-cv-00603, 05-cv-00604, 05-cv-00605, 05-cv-00606,
05-cv-00607, 05-cv-00608, 05-cv-00609, 05-cv-00610, 05-cv-00611)
District Judge: Honorable Joy Flowers Conti

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed March 2, 2007)

OPINION

PER CURIAM

On November 1, 2001, Frederick H. Banks filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. The appointed trustee in bankruptcy filed a report of no assets. In 2005, Banks instituted many adversary actions, including the nine at issue in these related appeals. The Bankruptcy Court, holding that it lacked subject-matter jurisdiction over these adversary actions because they related only to post-petition acts unrelated to the administration of Banks' bankruptcy case, dismissed them. Banks appealed to the District Court. The District Court affirmed the order dismissing the adversary actions. Banks appeals.[1]

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review and reviewing its factual findings for clear error. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

---

[1] The United States Attorney's Office, a nominal party to these appeals, has filed, with the United States, a motion for summary affirmance in C.A. No. 06-1840. While the United States Attorney's Office sought to intervene in one of the underlying cases in the District Court, and the United States tried to do the same in two of the underlying bankruptcy actions, neither takes issue with the orders directly affecting them. Furthermore, the order from which Banks appeals does not affect their rights. Accordingly, they lack standing to argue the merits of the C.A. No. 06-1840 appeal. See Marshall v. Sun Petroleum Products Co., 622 F.2d 1176, 1188 (3d Cir. 1980) (concluding that nominal parties on appeal have no standing to defend the merits of a decision); In re St. Clair & Karen M. St. Clair, 251 B.R. 660, 670 & n.11 (D.N.J. 2000). We therefore deny the motion for summary affirmance in C.A. No. 06-1840.

In similar appeals brought by Banks, we have visited the issues relevant to these cases. As in those other cases, we will summarily affirm because no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. For the convenience of the parties, we set forth the reasoning most pertinent to our decision.

The Bankruptcy Court lacked subject-matter jurisdiction over the listed adversary actions.[2] Two statutes, 28 U.S.C. §§ 1334 and 157, provide the source of a bankruptcy court's jurisdiction. See Binder v. Price Waterhouse & Co., 372 F.3d 154, 161 (3d Cir. 2004). Under these statutes, and relevant to our analysis here, a bankruptcy court has jurisdiction over those cases "'at least "related to" the bankruptcy.'" In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 266 (3d Cir. 1991) (citations omitted). Litigation is related to a bankruptcy if its outcome could "conceivably have any effect on the estate being administrated in bankruptcy." See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); see also In re Marcus Hook Dev. Park, Inc., 943 F.2d at 264 (stressing the term "conceivably"). More specifically, an action is related to bankruptcy if its outcome "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." See Pacor, 743 F.2d at 994. The listed adversary actions were unrelated to bankruptcy because, as Banks plainly alleged in his complaints, the supposed

---

[2]Although Banks took issue in the District Court with the Bankruptcy Court's action to dismiss his adversary actions sua sponte, as the District Court explained, the Bankruptcy Court was obligated to evaluate its jurisdiction and dismiss the actions over which it lacked jurisdiction.

wrongs occurred in 2002 and 2003, at the earliest, after he had filed for bankruptcy protection. Accordingly, they are not property of the bankruptcy estate such that their resolution would affect the handling or administration of the estate. See In re Bobroff, 766 F.2d 797, 803 (3d Cir. 1985) (citing 11 U.S.C. § 541 for the proposition that "the only property interests of a debtor that become part of the estate are those existing 'as of the commencement of the case.'")

In sum, because the Bankruptcy Court lacked subject-matter jurisdiction, we will affirm the order insomuch as it dismissed the listed adversary actions.

**DLD-121**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-1838, 06-1839, 06-1840, 06-1841,
06-1842, 06-1843, 06-1844, 06-1845, & 06-1846

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

RICHARD S. HENTOSH;
CHRISTINE SMITH

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

AMERICAN EXPRESS

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

ACTION SOFTWARE; SAMANTHA BELFER;
U.S. ATTORNEY'S OFFICE

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

101 DISTRIBUTION;
DAMON EVANS

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

REBECCA NORDTVEDT

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

STEVE RABIN

---

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

2

TERESA COLLEEN HICKMAN

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

DON PINKAS

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

DAVE TAYLOR

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. Nos. 05-cv-00603, 05-cv-00604, 05-cv-00605, 05-cv-00606,
05-cv-00607, 05-cv-00608, 05-cv-00609, 05-cv-00610, 05-cv-00611)
District Judge: Honorable Joy Flowers Conti

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

## JUDGMENT

This cause came on to be heard on the record from the United States District Court

3

for the Western District of Pennsylvania and was submitted for possible dismissal under 28 U.S.C. §1915(e)(2)(b) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered February 28, 2006, as it relates to the above-captioned appeals, be, and the same is hereby affirmed. All of the above in accordance with the opinion of this Court.

ATTEST:

<u>/s/ Marcia M. Waldron</u>
Clerk

Dated: March 2, 2007